IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM § | | |
| (TDCJ No. 1669001), § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:19-cv-1858-L-BN | |
| § | | |
| LORIE DAVIS, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Patrick Bernard Ingram, a Texas prisoner, filed a *pro se* complaint against state officials asserting that his constitutional rights to due process and equal protection have been violated based on the defendants' alleged failure to honor a state court order expunging his arrest records. *See* Dkt. Nos. 3 & 4. His case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Ingram's claims with prejudice for failure to state a claim on which relief may be granted.

**Applicable Background**

Ingram is in state custody, serving a 35-year sentence, under two 2010 Dallas County convictions for indecency with a child. *See State v. Ingram*, Nos. F09-52629-M, -52630-M (194th Judicial Dist. Ct., Dallas Cnty., Tex.), *aff'd*, Nos. 05-10-00973-CR, -

00974-CR, 2012 WL 89980 (Tex. App. – Dallas Jan. 12, 2012, pet ref'd); *see also Ingram v. Davis*, No. 3:14-cv-1748-N-BH, 2016 WL 4597511 (N.D. Tex. Aug. 5, 2016), *rec. accepted*, 2016 WL 4593514 (N.D. Tex. Sept. 2, 2016) (denying federal habeas relief), *C.O.A. denied*, No. 16-11388, 2017 WL 6506585 (5th Cir. June 5, 2017), *cert. denied*, 139 S. Ct. 166 (2018).

He now alleges that high-ranking officials in the Texas Department of Criminal Justice ("TDCJ"), in their official and individual capacities, violated his constitutional rights to due process and equal protection by failing to follow a state court's order expunging certain arrest records. *See* Dkt. Nos. 3 & 4. In support of his claim, he explains that, as long as the expunged records remain part of his parole file, their presence could jeopardize his future attempts at parole. *See* Dkt. No. 4 at 5. And he requests that this Court order the state officials to honor the expunction order and that he be awarded monetary damages. *See* Dkt. No. 3 at 11-12.

**Legal Standards**

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the

'*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

**Analysis**

"To the extent that [Ingram has] sued TDCJ officials in their official capacity for monetary damages, ... the Eleventh Amendment bar[s] such claims." *Whitlock v. Hudson*, 459 F. App'x 375, 377 (5th Cir. 2012) (per curiam) (citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). That leaves the individual-capacity claims and Ingram's request for injunctive relief – that the TDCJ officials honor the expunction order. *See*

*id.* ("[S]overeign immunity is subject to an established exception through which a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008))). But Ingram has not alleged a plausible constitutional violation.

First, because he does not have a protected liberty interest in parole, he cannot allege a plausible due process claim based on his fear that a future parole determination may rely on an expunged arrest. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 & n.13 (5th Cir. 2001) ("Johnson's allegations that the Board considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. ... The underlying dispute on this issue is whether (and if so, to what extent) a prisoner enjoys a federal right to have accurate information in his or her parole file. ... [O]ur precedent is definite and precise on this point: in the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." (citations omitted)); *Mitchell v. Ballard*, 253 F.3d 705, 2001 WL 498443, at *1 (5th Cir. Apr. 12, 2001) (per curiam) ("Mitchell argues that he is entitled to prospective injunctive relief prohibiting the Texas Board of Pardons and Paroles from considering criminal charges which were dismissed and expunged by a state court in making future parole determinations in violation of his due process rights. Because Mitchell does not have a protected liberty interest in parole, he may not challenge the Texas Board of Pardons and Paroles' procedures in making future parole determinations on due process grounds." (citing

*Johnson*, 110 F.3d at 308)).[1]

Ingram's equal protection claim also fails. The Fourteenth Amendment's Equal Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws," U.S. CONST. amend. XIV, § 1, which "'is essentially a direction that all persons similarly situated should be treated alike,'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). In alleging an equal protection violation, a plaintiff typically claims that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Reno*, 568 F.3d at 212 (internal quotation marks omitted). But, because that crucial allegation does not plausibly exist in the complaint, to the extent that an equal-protection violation is alleged, that claim should be dismissed.

For the reasons stated above, the Court should dismiss this case with prejudice. An amended complaint based on the facts underlying Ingram's allegations would not survive a legal challenge under Rule 12(b)(6). That is, no set of facts could show that the claims he asserts have "substantive plausibility." *Johnson*, 135 S. Ct. at 347. But,

---

[1] *See also Clarke v. Director, TDCJ-CID,* No. 4:09cv404, 2012 WL 4120450, at *4 (E.D. Tex. Aug. 15, 2012) ("[T]here is no basis for a challenge to Texas parole practices based on the Due Process Clause," as the United States Court of Appeals for the Fifth Circuit has held "that a challenge to parole review procedures which affect the duration of confinement 'might have implicated the narrow range of prisoner liberty interests remaining after *Sandin[ v. Conner*, 515 U.S. 472 (1995)]' but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause." (quoting *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (quoting, in turn, *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)))), *rec. adopted*, 2012 WL 4120430 (E.D. Tex. Sept. 19, 2012).

if Ingram disagrees, the period for filing objections to these findings, conclusions, and recommendation offer him an opportunity to make his case for amendment.

**Recommendation**

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE