IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM (TDCJ No. 1669001), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1858-L-BN |
| LORIE DAVIS, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Patrick Bernard Ingram, a Texas prisoner, filed a *pro se* complaint against state officials asserting that his constitutional rights to due process and equal protection have been violated based on the defendants' alleged failure to honor a state court order expunging his arrest records. *See* Dkt. Nos. 3 & 4.

On October 31, 2019, the Court dismissed Ingram's complaint with prejudice. *See* Dkt. Nos. 9, 13, & 14. On November 18, 2019, Ingram moved the Court to reconsider its judgment – contending that, in screening his claims, the Court misconstrued them – and he further moved for leave to amend his complaint [Dkt. No. 16] (the "Motion"). United States District Judge Sam A. Lindsay referred the Motion to the undersigned United States magistrate judge, under 28 U.S.C. § 636(b), for hearing, if necessary, and to submit proposed findings and recommendations for disposition of the motion. *See* Dkt. No. 17.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court deny the Motion.

**Legal Standards and Analysis**

I.    <u>Reconsideration</u>

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). If, like here, "the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59." *Id.*; *see also Hanna v. Maxwell*, 548 F. App'x 192, 195 (5th Cir. 2013) (per curiam) ("Hanna's pleadings at the district court were not models of precision, but we construe them liberally because he is proceeding *pro se*. However Hanna labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions." (citations omitted)).

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy*, 702 F.3d at 182 (footnote omitted).

Thus, "[i]n school yard parlance," a motion for reconsideration is not "a request for a 'do over.'" *Green v. City of New York*, No. 05-cv-0429 (DLI)(ETB), 2006 WL 2516468, at *2 (E.D.N.Y. Aug. 29, 2006); *see also Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) ("[A] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court could have done it better the first time." (citation and internal quotation marks omitted)).

There has been no intervening change in controlling law. And Ingram presents no previously-unavailable newly-discovered evidence. So the Court should consider whether the judgment should be amended to correct a manifest error of law. Indeed, this is what Ingram appears to argue.

In denying his due process claim, the Court concluded that,

> because [Ingram] does not have a protected liberty interest in parole, he cannot allege a plausible due process claim based on his fear that a future parole determination may rely on an expunged arrest. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 & n.13 (5th Cir. 2001) ("Johnson's allegations that the Board considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. ... The underlying dispute on this issue is whether (and if so, to what extent) a prisoner enjoys a federal right to have accurate information in his or her parole file. ... [O]ur precedent is definite and precise on this point: in the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." (citations omitted)); *Mitchell v. Ballard*, 253 F.3d 705, 2001 WL 498443, at *1 (5th Cir. Apr. 12, 2001) (per curiam) ("Mitchell argues that he is entitled to prospective injunctive relief prohibiting the Texas Board of Pardons and Paroles from considering criminal charges which were dismissed and expunged by a state court in making future parole determinations in violation of

> his due process rights. Because Mitchell does not have a protected liberty interest in parole, he may not challenge the Texas Board of Pardons and Paroles' procedures in making future parole determinations on due process grounds." (citing *Johnson*, 110 F.3d at 308)).

*Ingram v. Davis*, No. 3:19-cv-1858-L-BN, 2019 WL 5685379, at *2 (N.D. Tex. Aug. 30, 2019) (footnote omitted), *rec. accepted*, 2019 WL 5684528 (N.D. Tex. Oct. 31, 2019).

Ingram now argues that he "did not believe that there's any Constitutional Right to Parole. The Plaintiff asserts that TDCJ is in direct violation of a court [expunction] order. This was the only issue that the Plaintiff raised in his Complaint." Dkt. No. 16 at 4. But, just like Ingram lacks a protected liberty interest in parole, there is no protected liberty interest in state officials' following (or their failure to follow) a state court order. *See Owensboro Waterworks Co. v. City of Owensboro*, 200 U.S. 38, 47 (1906) ("Many acts done by an agency of a state may be illegal in their character when tested by the laws of the state, and may, on that ground, be assailed, and yet they cannot, for that reason alone, be impeached as being inconsistent with the due process of law enjoined upon the states."); *see also, e.g., Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992) ("Elkin argues that the state did not comply with its own regulations regarding documentation of the chain of custody. An alleged violation of state law, however, does not state a claim under section 1983." (citing *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987))).

Ingram fails to substantively address the denial of his equal protection claim. *See generally* Dkt. No. 16.

He has therefore not shown that the Court's judgment should be amended to

correct a manifest error of law, and his construed request for relied under Rule 59(e) should be denied.

II.     Leave to Amend

Ingram also requests leave to amend his original complaint to add an Eighth Amendment claim against the warden of his unit based on the failure to transfer him to another unit after he complained about exposure to "K-2 smoke." Dkt. No. 16 at 4-11. Even if the Court were to grant reconsideration and vacate its judgment – allowing to proceed Ingram's due process and equal protection claims – this new claim is unrelated to the existing claims. And where a party seeks leave to "adds both new [defendants] and new claims, both the joinder provisions of Fed. R. Civ. P. 20(a) and the amendment provisions of Fed. R. Civ. P. 15(a) apply." *Price v. Caruso*, No. 1:07-cv-117, 2007 WL 2914232, at *2 (W.D. Mich. Oct. 3, 2007) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 632-33 (7th Cir. 2001); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)).

As the United States Court of Appeals for the Fifth Circuit has explained,

> under Rule 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." A district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case. *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969). In addition, "the creative joinder of actions" by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, §§ 804-05, 110 Stat. 1321, 1321-73 to -75 (2006) (codified in relevant part at 28 U.S.C. §§ 1915, 1915A), should be discouraged. *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

*Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam)[1]; *cf. Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam) (one's "status as a pro se litigant [does] not relieve him of the obligation to comply with Rule 20(a)" (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))).

Because the amendment that Ingram seeks would violate both Rule 20(a) and the PLRA, even if the Court reopens this action, it should deny his request for leave to amend.

## Recommendation

The Court should deny Plaintiff Patrick Bernard Ingram's motion to reconsider its judgment and for leave to amend his complaint [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

---

[1] *See also Johnson v. Holt*, No. 1:13-CV-1866, 2015 WL 672127, at *22-*23 (M.D. Pa. Feb. 17, 2015) ("Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation.... In this case, it cannot be said from the amended complaint that these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences. Quite the contrary, these episodes appear to be separate transactions, allegedly committed by different actors at divergent times and places. '[G]iven the hodgepodge of claims raised in the ... complaint,' this Court may properly, in the exercise of its discretion, dismiss this amended complaint, and require Johnson to file separate complaints relating to what seem to be factually distinct claims." (quoting *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 77 (3d Cir. 2011) (per curiam))).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE