IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM (TDCJ No. 1669001), | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-CV-1858-L** |
| **LORIE DAVIS**, TDCJ-CID; **LEE DOWNING**, CSTS Administrator; **and NFN NLN**, Chairman of State Classification, | § § § § § § | |
| Defendants. | § § | |

# ORDER

On December 4, 2019, United States Magistrate Judge David Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18), recommending that the court deny pro se Plaintiff Patrick Bernard Ingram's ("Plaintiff") Motion for Leave to Amend and Reconsideration ("Motion") (Doc. 16). Plaintiff filed his objections (Doc. 21) to the Report of on December 27, 2019—five days after the required deadline.[*] Thus, Plaintiff's objections are untimely, and the court need not consider them in this order.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's Motion for Reconsideration because he failed to show that there has been an intervening change in controlling law since the court dismissed this action on October 31, 2019. He also failed to present previously-unavailable newly-discovered

---

[*] According to the docket in this case, the clerk of court mailed a copy of the Report to Plaintiff on December 5, 2019. Given that Plaintiff was served by mail, he received an additional three days to file his objections. Thus, he was required to file his objections no later than December 22, 2019. Based on the mailroom receipt stamp, he did not mail his objections until December 27, 2019, making his objections untimely.

Order – Page 1

evidence. The court also **denies** Plaintiff's request to amend its order to add an Eighth Amendment claim, as this claim, if the case were reopened, is unrelated to the existing claims.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 2nd day of January, 2020.

Sam A. Lindsay
United States District Judge